918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward F. THOMPSON, Plaintiff-Appellant,
v.
John T. WIGGINTON, Al C. Parke, Jack Simpson, Dr. P. Boyd,
Defendants-Appellees.
 No. 89-6547.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Edward F. Thompson appeals pro se from a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thompson sought injunctive relief and damages, naming as defendants, John T. Wigginton, Secretary of the Kentucky Corrections Cabinet; Al C. Parke, Warden at the Kentucky State Reformatory; Jack Simpson, Medical Administrator at the Kentucky State Reformatory; and Dr. Paul Boyd, a dentist at the Reformatory. In his complaint, Thompson alleged that: (1) prison policy mandates that he be examined by a periodontal specialist, at the cost of the state corrections department; and (2) each defendant deliberately denied him necessary medical treatment, causing him pain, suffering and the deterioration of his dental problems, in violation of the eighth and fourteenth amendments. The matter was referred to a magistrate, who held an evidentiary hearing and thereafter recommended that Thompson's complaint be dismissed. After a de novo review, the district court adopted the magistrate's report and recommendation and dismissed the complaint. Thompson requests appointment of counsel, in his brief on appeal.
 
 
 3
 Upon review, we conclude the district court properly dismissed the complaint, for the reasons stated by that court and set forth in the magistrate's report and recommendation. The district court correctly determined that Thompson's charge of inadequate medical treatment does not rise to the level of a constitutional violation, as he has not alleged or shown intentional or wanton acts of deliberate indifference to his dental problems. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 4
 Further, Prison Policy 13.2, applicable to medical and dental treatment of inmates at the Kentucky facility, does not contain mandatory language which creates a liberty interest cognizable in this Sec. 1983 action. Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989); Olim v. Wakinekona, 461 U.S. 238, 245 (1983). The policy leaves determinations of the proper treatment in each case entirely within the discretion of the prison physicians and licensed professionals, such as defendant Dr. Boyd in this case.
 
 
 5
 Accordingly, Thompson's request for counsel is denied, and the district court's order entered November 28, 1989, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.